UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HAROLD MICHAEL MILAM                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:21-CV-445-GNS

MICHAEL TROY BROWN *et al.*                                        DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* action initiated by Plaintiff Harold Michael Milam. For the following reasons, the Court will dismiss this action.

**I.**

As Defendants in this action, Plaintiff lists two private citizens, one police officer, a chief of police, a wrecker service, a mayor, "City Council Members," Bullitt County Fiscal Court, and Kentucky Attorney General Daniel Cameron. Plaintiff initiated this action by filing a document titled:

> PLAINTIFF"S FIRST COMPLAINT & DEMAND FOR THE RETURN OF MOTOR VEHICLE, ALL PERSONAL ITEMS, ALL THINGS, BELONGINGS, MONENIES, DEBIT CARDS,IDENTIFICATIONS, CLOTHS, TOOLS, CELL PHONES, INVENTIONS, NEWS RECORDING EQUIPMENT, ELECTRONIC CONVERTERS, AND ALL OTHER ITEMS, ect. & DEMAND FOR IMMEDIATE COMPENSATION AT THE RATE OF A RENTAL CAR AND FOR COMPENSATION FOR ILLEGAL SEIZURE, RETALIATION,FALSE ARREST, IMPROPER USE OF PROCESS, MALICIOUS PROSECUTION, CRUEL AND UNUSUAL PUNISHMENT, ILLEGAL SEARCH, DAMAGES FOR THE LOSS OF USE OF VEHICLE, COMPENSATION FOR ILLEGAL SEARCH SEIZURE OF HIS PERSON AS WELL FOR ALL OTHER VIOLATIONS AND DEMANDS IMMEDIATE INJUNCTIVE RESTRAINING ORDERS TO RESTRAIN DEFENDANT CITY AND TOWING COMPANY FROM FUTURE VIOLATIONS AGAINST THE CITIZENS OF WITHIN THIS COMMONWEALTH AND FOR A DECLARATORY JUDGMENT.

(DN 1).

Plaintiff begins his typed, single-spaced, 13-page "complaint" as follows:

> The plaintiff here in is a first amendment freedom fighter, and smells pigs in all states, "in the plaintiff's eyes, a pig is a corrupt government employee who violates, or conspires to violate a citizens guaranteed rights, and or, and also fitting underneath this category in the defendant's eyes are people who make fake news complants by dialing 911 when there is no emergency, and the worst of all in the defendant size is one who tries to restrict a person's speech with in violation of the First amendment and has often been the subject of illegal arrests, one of which he currently has a warrant for his arrest out of Tennessee, where he was arrested for standing in a median, holding a sign, which stated my family in need Matthew 7:7 God bless) and plaintiff having had death experiences, and having his love life spared a 3rd time by God in 2012, and having had a vision whereby God showed him that American was nearing a 3rd civil war, and felling called by God to save America from such, plaintiff , honoring God began a mission for America, and since then he has spent his life fully dedicated for that purpose, and became a First amendment freedom fighter and began to also investigate corruption, violation of civil rights and retaliation because of speech, all of which Date Back to 2012, and in 2015, plaintiff SMELLED PIGS IN BULLET COUNTY, since approximately 2015, and the smells of that investigation is the cause of this action, whereas, on September 24th 2020, plaintiff, after having Personally recorded an unknown pig on our tax daughters having made a threat to have the plaintiff illegally arrested because of his speech (SAID RECORDING NOT LIVE ON FACEBOOK), and because of said threat and violation of his civil rights, and because of having been threatened, PLAINTIFF GOES LIVE ON FACEBOOK [] and because of his speech, and because of his investigation was illegally in fact illegally arrested, had his car illegally seized, which is exactly what the plaintiff had began investigating in Bullet County, and specifically that investigation revealed that Troy's Wrecker Service was illegally seizing cars without Due Process of Law , plaintiff having having suspected this, continued that investigation and that investigation has resulted in the Defendant's, AN UNKNOWN , Troys Wrecker Service, and Officer W. ROSSELL, conspiring under the color of law with the city of hillview, and the county of bullitt, two illegally Arrest, and an illegal seizure of the plaintiff's vehicle of which was done in retaliation and plaintiff has reasonable and more than probable cause to believe that he was retaliated against specifically because of his speech of the plaintiff's speech and the threatened illegal actions made by the UNKNOWN PIG , and resulted in Plaintiff having been illegally arrested Arrested and plaintiff believes someone contacted officer Roswell, to advise home of the plaintif's whereabouts, or that they had illegally pinged his phone, or had watched him on Facebook and then illegally stocked him as he left Jefferson county . . . .

(DN 1, pp. 1-2).

The remaining pages of the "complaint" continue in a similar manner. Plaintiff also filed a document titled "Plaintiff's First Amended Complaint" (DN 4). It continues in

the same, confusing vein as the complaint. Some excerpts from this document are as follows:

> Unknown actors conspired with MICHAEL TROY BROWN and OFFICER ROSSELL to illegally arrest and illegally seize the plaintiff's vehicle, and jurisdiction is proper under 42 U.S.CODE 1985 (B), (C).
>
> Plaintiff was in fact Seized illegally and the most obvious evidence of this is that he had been told to call someone however because of his speech was arrested because in retaliation in violation of U.S. CODE 1513, BECAUSE HE IS A VICTIM AND A WITNESS and is a real news, and is a movie maker, and a song writer, poem writer, singer, drummer, and a book writer, and when he invoked his right to walk freely and to have a "private conversation" and a "confidential phone call with his friend who is a lawyer, and previous employer of the plaintiff, COOPER & ASSOCIATES, 404 monument square Jamestown Kentucky 42629, who would answer the plaintiff's call who owns a Law Firm and plaintiff clearly, very clearly had a right to have a private and personal conversation with his friend and Officer ROSSELL Arrested the plaintiff against the peace and dignity of this commowealth of kentucky, and violated the plaintiffs under the laws of United States of America.

(DN 4, p. 2).

> Plaintiff however was arrested and illegally jailed by officer Rossell in complete and total disregard of the plaintiff's rights and in retaliation because of the plaintif's speech, religion, political views and because of because he white and is a PRO LIFE, PRO EDUCATION, PRO Trump Supporter as a Democrat. PLAINTIFF DESIGNED HIS CAR WITH JUST THE RIGHT AMOUNT OF SPEECH TO PROTECT HIM AND To protect his rights to freedom, and he had a right to travel home to his address as he had been instructed to do in Indiana, however because of this having happened, plaintiff has had a great amount of pain and has cried just about every day since and sometimes many times, and only added to the already suffering that the plaintiff had already been through still is crying daily because of what has happened to him.

(*Id*. at pp. 3-4).

> OFFICER ROSSELL and MICHAEL TROY BROWN have same as stolen from the plaintiff all his rights, and this court must take action to uphold the integrity of our justice system. 16. Civil false imprisonment is defined as the unlawful restraint of another individual against his or her will without legal justification to do so. 17. Michael Troy Brown intentionally conspired with others including any unknown actors to deprived the plaintiff of his personal belongings and the plaintiff specifically asked for his bible and had a right to his Bible, and, had a right to leave the side of the road with it when his car was illegally taken therefore Michael Troy Brown, and officer Rose will have conspired to take completely the plaintiff's first

3

> amendment right I am 5th amendment right I unfortunate right. . . 18. Coercion or any other means to keep a victim in custody against his or her will is enough for an incident to be deemed an act of false imprisonment. 19. Michael Troy Brown, in the plaintif's, sees that as a violent crime against his religion. 20. Michael Troy Brown, intentionally sold the plaintiff's car on Christmas. 21.That's nothing shy armed robbery ATTORNEY GENERAL DANIEL CAMERON, SHALL RISE UP NOW!

(*Id*. at p. 11).

> PLAINTIFF IS SEEKING 1 MILLION IN COMPENSATION FOR THE PAIN AND SUFFERING AND THE ILLEGAL STRIPPING OF HIS RIGHTS INCLLUDING HIS VEHICLE BEING SOLD IN AMERICA WITH CROSSES ON IT ON CHRISTMAS, NA PUNITIVE DAMAGES IN THE AMOUNT OF 1.5 BILLION OR THE COMPLETE AND TOTAL VALUE OF THE OF INSURANCE COMPANY'S VALUE BECAUSE HIS CONSTITUTIONAL RIGHTS HAVE BEEN INTENTIONALLY VIOLATION, AND HIS RIGHTS TAKEN , INCLUDING HIS RIGHT TO GET HIS BIBLE OUT OF HIS CAR AND THE INSURANCE COMPANY HAVING FAILED TO TRAIN OR INSPECT THE TOWING COMPANIES OF THIS COMMONWEALTH FOR SAFETY AND THE PLAINTIFF HAVING BEEN SUBJECTED TO STRONG ARMED ROBERY AND SAID RIGHTS HAVING BEEN SAME AS STOLEN, WITHOUT DUE PROCESS OF LAW THE INSURANCE COMPANY WHO COVERS MICHAEL TROY BROWN, CHRISTY BROWN, TROY'S IS NOW A DEFENDANT IN THIS CASE AND IS LIABLE TO THE PLAINTIFF FOR HIS INJURIES, AND RECOVERY, ALL THE PAIN AND SUFFERING AND THEY ARE LIABLE AND THE PLAINTIFF HEREBY STATES THE FOREGOING INFORMATION IS TRUE AND CORRECT, AND, PLAINTIFF TOLD MICHAEL TROY BROWN IT WAS ALL BEING RECORDED FROM THE SKY AND MAKES THAT STATEMENT PURSUANT TO THE PENALTIES OF PERJURIES UNDERNEATH 28 U.S. Code § 1746 - the Unsworn declarations under penalty of per jury AND OR ANY OTHER APPLICABLE LAWS KNOWN TO EXIST.

(*Id*. at pp. 12-13).

Plaintiff also filed a "Motion for Emergency Preliminary Injunctive Relief" (DN 8) which is equally hard to follow.

## II.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the

4

duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

In the instant case, the pleadings contain confusing, conclusory cites to various federal and state laws and the allegations are too convoluted and rambling to put Defendants on notice as to Plaintiff's claims against them. Thus, the Court concludes that Plaintiff has failed to meet the basic pleading standard required by Fed. R. Civ. P. 8(a)(2).

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's filings meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

**III.**

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: September 30, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4416.011